**Joan S. SONNABEND, Plaintiff,**

v.

**Vincent F. SORRENTINO and Sondra Mayer, Defendants/Third–Party Plaintiffs,**

v.

**Jerry EMANUEL, Laurence Groeger JSD, Inc. and H. Seno Soekotjo, Third–Party Defendants.**

**Civ. A. No. 94–10608–EFH.**

United States District Court,
D. Massachusetts.

Nov. 9, 1994.

Nancy L. Brush and Albert F. Cullen, Jr., Cullen & Butters, Boston, MA, for plaintiff.

Anthony M. Doniger, Sugarman, Rogers, Barshak & Cohen, Boston, MA, for defendants/third-party plaintiffs.

Norman S. Zalkind, Janet L. Sanders, Zalkind, Sheketoff, Wilson, Homan, Rodriguez & Lunt, John J. Barter, and Richard L. Burpee and Kenneth J. DeMoura, Burpee & DeMoura, Boston, MA, for third-party defendants.

### MEMORANDUM AND ORDER

HARRINGTON, District Judge.

This matter is before the Court on the third-party defendants' Motions to Dismiss for lack of personal jurisdiction. After consideration of all the submissions, the Court hereby denies the Motions to Dismiss of all third-party defendants.

It is well settled that when personal jurisdiction is in dispute, the party asserting jurisdiction bears the burden of establishing the basis of jurisdiction. *Homeowners Funding Corp. of America v. Century Bank*, 695 F.Supp. 1343, 1344 (D.Mass.1988). For the purpose of these Motions to Dismiss, the third-party plaintiffs have established the following specific facts:

(1) Third-party plaintiffs were, at all times relevant hereto, New York art dealers acting as agents of Plaintiff Joan S. Sonnabend, a Boston art dealer, in the purchase of a forged Chagall Gouache (hereinafter referred to as the "painting");

(2) Third–Party Defendant Laurence Groeger and/or an entity owned by him was the owner and originating seller of the painting;

(3) Third–Party Defendants H. Seno Soekotjo and JSD, Inc., acted as agents for Groeger in the sale of the painting;

(4) Third–Party Defendant Jerry Emanuel acted as an agent for Third–Party Defendant JSD, Inc.;

(5) Third–Party Defendants Emanuel, Soekotjo and/or JSD, Inc., caused the painting to be shipped from a warehouse in California to a warehouse in Massachusetts;

(6) Third–Party Defendants Emanuel, Soekotjo and/or JSD, Inc., required the third-party defendants to provide a Certificate of Insurance to cover the painting while it was (a) in transit to Massachusetts, (b) while it remained in a warehouse in Massachusetts, and (c) **if not purchased,** while in transit from Massachusetts to California (emphasis added);

(7) After receiving the sales proceeds Third–Party Defendants JSD, Inc., Soekotjo and/or Emanuel sent a facsimile to the Massachusetts warehouse releasing the painting to the third-party plaintiffs;

(8) After the third-party defendants released the painting to the third-party plaintiffs in Massachusetts, the third-party plaintiffs then sold it to the plaintiff in Massachusetts;

(9) Upon receipt of the sales proceeds, Third–Party Defendants JSD, Inc., Soekotjo and/or Emanuel remitted the same to Groeger, less their commission.

In determining whether the Court has personal jurisdiction over the third-party defendants, it must first determine whether jurisdiction exists under the Massachusetts Long Arm Statute (Mass.Gen.L. ch. 223A, § 3) and then determine if the exercise of jurisdiction

comports with the constitutional requirements of due process. *Id.* at 1345. Massachusetts General Laws, Chapter 223A, Section 3(a) provides:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the persons (a) transacting any business in the Commonwealth.

■■■ Both federal and state courts regularly construe "transacting business in the Commonwealth" in a generous way. *See United Electrical, Radio & Machine Workers of America v. 163 Pleasant St. Corp.,* 960 F.2d 1080, 1087 (1st Cir.1992); *Ross v. Ross,* 371 Mass. 439, 441, 358 N.E.2d 437 (1976). A single act within the Commonwealth may be sufficient, particularly where the act is intentional or where the actor "purposefully avails himself of the privilege of conducting activities within the [Commonwealth] thus invoking the benefits and protections of its laws." *Ealing Corporation v. Harrods, Ltd.,* 790 F.2d 978, 983 (1st Cir.1986) (quoting *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958)). The appropriate inquiry is whether there is some minimum contact with the Commonwealth which resulted from an affirmative act of the third-party defendants such that it is fair and reasonable to require the third-party defendants to come into the Commonwealth to defend the action. *Good Hope Industries, Inc. v. Ryder Scott Company,* 378 Mass. 1, 7, 389 N.E.2d 76 (1979); *See World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

■ In the instant case, the third-party defendants have performed at least two affirmative acts in the Commonwealth, specifically: (1) shipping the forged painting to the warehouse in Massachusetts; and (2) sending, via facsimile, correspondence to the warehouse in Massachusetts ordering the release of the painting to the third-party plaintiffs in Massachusetts. These two actions constitute "transacting business" in Massachusetts. *See Ealing Corporation,* 790 F.2d at 983 (sending of a single telex into Massachusetts enough to satisfy the transacting business requirement of Section 3(a)); *Hahn*

*v. Vermont Law School,* 698 F.2d 48, 51 (1st Cir.1983) (defendant's mailing an application to plaintiff in Massachusetts and an acceptance letter were sufficient, without more, to constitute business under the broadly construed Massachusetts Long Arm Statute); *But see Droukas v. Divers Training Academy, Inc.,* 375 Mass. 149, 157, 376 N.E.2d 548 (1978) (defendant's advertising in a publication seen in Massachusetts, along with telephone conversation with plaintiff in Massachusetts, correspondence to plaintiff in Massachusetts confirming the sale and the shipment of defective materials to plaintiff in Massachusetts did not constitute transacting business in Massachusetts). Additionally, the third-party plaintiffs' claims of Breach of Warranty and Contribution directly relate to the third-party defendants' transactions in Massachusetts. *United Electrical, Radio & Machine Workers,* 960 F.2d at 1087.

■ Having determined that the third-party defendants' conduct gives rise to jurisdiction under the Massachusetts long arm statute, the Court next considers whether the third-party defendants purposefully availed themselves of the privilege of conducting activities within Massachusetts. *Hanson,* 357 U.S. at 253, 78 S.Ct. at 1239–40. The Court is satisfied that it did. Third-party plaintiffs knew that the painting was being shipped to Massachusetts in connection with a deal they were negotiating with the third-party plaintiffs to sell the painting. Additionally, the Certificate of Insurance required by the third-party defendants specifically contemplated the sale of the painting in Massachusetts. Finally, after receiving the proceeds of the sale of the painting, the third-party defendants released the painting to the third-party plaintiffs in Massachusetts. It is clear that the third-party defendants "purposefully availed themselves of the privilege of conducting activities in Massachusetts."

Furthermore, when considering what the First Circuit has termed the "gestalt factors," it is apparent that the Court must exercise jurisdiction over the third-party defendants. In *Ticketmaster–NY, Inc. v. Alioto,* 26 F.3d 201, 209 (1st Cir.1994), the First Circuit considered the five factors set forth by the Supreme Court in *Burger King Corp.*

**654**

v. *Rudzewicz,* 471 U.S. 462, 477–478, 105 S.Ct. 2174, 2184–2185, 85 L.Ed.2d 528 (1985). Specifically, the Court considered: (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interest of all sovereigns in promoting substantive social policies. *Ticketmaster–NY, Inc.,* 26 F.3d at 209.

In the case at bar, the third-party defendants' burdens of appearing in Massachusetts are outweighed by this district's interest in adjudicating the dispute, the third-party plaintiffs' interest in convenient and effective relief and the judicial system's interest in an efficient and effective resolution of the controversy. The third-party action and the underlying action are the result of one extended transaction between the parties which culminated in the sale of a forged painting to a Massachusetts plaintiff in Massachusetts. The plaintiff initiated the process when she telephoned the third-party plaintiff from Massachusetts to inquire as to the availability of Chagall paintings. The forged painting was present in Massachusetts when the third-party defendants sold it to the third-party plaintiffs. It was sold by the third-party plaintiffs to the plaintiff in Massachusetts. The underlying suit is in this district. The trial of the third-party action will contain much, if not all, of the same evidence that the underlying action will present. It is in the best interest of all parties, as well as in the interest of judicial economy, to try the case once in this district.

For the reasons set forth above, the Motions to Dismiss of all third-party defendants are denied.

SO ORDERED.