Mitrano v. Jerry's Ford Sales        CV-95-266-JD  10/06/95
                    UNITED STATES DISTRICT COURT FOR THE
                           DISTRICT OF NEW HAMPSHIRE


Peter Paul Mitrano

        v.                                  Civil No. 95-266-JD

Jerry's Ford Sales, Inc.


                                O R D E R


        The plaintiff, Peter Paul Mitrano, filed this pro se action

against the defendant, Jerry's Ford Sales, Inc. ("Jerry's"), for

odometer fraud under 49 U.S.C. § 32710.  Before the court is the

defendant's motion to dismiss the case for lack of personal

jurisdiction (document no. 6).


                              Background[1]

        On August 22, 1994, the plaintiff, a New Hampshire resident,

and the defendant, a Delaware corporation with its sole place of

business in Annandale, Virginia, entered into a contract for the

sale of a 1991 Ford Country Squire.  Although at the time of sale

the odometer read 36,390 miles, the actual mileage on the vehicle

exceeded 93,000 miles.  The defendant has asserted -- without

objection by the plaintiff -- that the sale and delivery of the

-----------------------

        [1]The court's recitation of the facts relevant to the instant
motion are either not in dispute or have been alleged by the
plaintiff.

vehicle, as well as the execution of all relevant documents, took place in Virginia and that the plaintiff initiated contact with the defendant by voluntarily coming to the defendant's place of business. The defendant also has asserted that it has never done business, maintained a place a business, registered to do business, or advertised in New Hampshire. The defendant's only contacts with New Hampshire are the sale of the vehicle to the plaintiff, whom the defendant knew to be a New Hampshire resident, and the August 31, 1995, mailing of the original copy of the vehicle's certificate of title and a certified copy of the bill of sale to the plaintiff's residence in Hanover, New Hampshire.

In its answer, the defendant interposed lack of personal jurisdiction and improper venue as affirmative defenses. By order of July 10, 1995, the court gave the defendant until August 1, 1995, to file motions addressing these issues. On July 31, 1995, the defendant filed a motion to dismiss for failure to state a claim upon which relief could be granted and, on August 1, 1995, filed separate motions to dismiss for lack of personal jurisdiction and improper venue.

Discussion

2

The defendant argues that the court should dismiss the case because its relationship with New Hampshire is insufficient to allow the court to exercise personal jurisdiction under either the applicable New Hampshire long-arm statute or the federal constitution. The plaintiff claims that the defendant is subject to personal jurisdiction in the District of New Hampshire by virtue of its contacts with the state.[2]

Personal jurisdiction in federal-question cases is a matter of federal law, governed by the due process standards of the Fifth Amendment rather than the Fourteenth Amendment. United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1085 (1st Cir. 1992) ("United Electrical Workers I"); Lorelei Corp. v. County of Guadalupe, 940 F.2d 717, 719 (1st Cir. 1991). The Fifth Amendment permits the court to exercise personal jurisdiction over a defendant if the defendant has

_____

[2]The plaintiff also argues that the defendant has waived its right to object to the exercise of personal jurisdiction by the defendant's having previously filed a Rule 12(b)(6) motion to dismiss. The plaintiff is incorrect. The waiver provisions of subdivisions (g) and (h) of Rule 12 do not apply to a party who has already included a Rule 12 defense in a responsive pleading. To the contrary, these provisions apply only when a party raises its 12(b) defenses in a pre-answer motion. See 2A Moore's Federal Practice ¶ 12.22 (2d ed. 1995) (summarizing the waiver provisions by stating that "a defendant may make only one motion to dismiss prior to answering, raising (if available) any of the defenses in Rule 12(b)(1) through (7)" (emphasis added)). In any event, Jerry's filed its 12(b)(2) motion on August 1, 1995, in response to the court's order of July 10, 1995, and has since requested that the court consolidate its Rule 12 motions.

3

"minimum contacts" with the United States as a whole. <u>Lorelei</u>,
940 F.2d at 719 (citing <u>Trans-Asiatic Oil Ltd. v. Apex Oil Co.</u>,
743 F.2d 956, 959 (1st Cir. 1984)). Sufficient contacts exist
whenever the defendant is served within the United States. <u>Id.</u>
(citing <u>Johnson Creative Arts, Inc. v. Wool Masters, Inc.</u>, 743
F.2d 947, 950 n.3 (1st Cir. 1984)).

However, before exercising personal jurisdiction over a
party, the court must determine whether the procedural
requirement of service of process has been satisfied. <u>Omni
Capital Int'l v. Rudolf Wolff & Co.</u>, 484 U.S. 97, 104 (1987).
Although "personal jurisdiction and service of process are
distinguishable, they are closely related since `service of
process is the vehicle by which the court may obtain
jurisdiction.'" <u>Lorelei</u>, 940 F.2d at 719-20 n.1 (quoting <u>Driver
v. Helms</u>, 577 F.2d 147, 155 (1st Cir. 1978), <u>rev'd on other
grounds sub nom. Stafford v. Briggs</u>, 444 U.S. 527 (1980), 577
F.2d at 155). In order for a court to exercise personal
jurisdiction over a defendant, there must be more than notice and
a constitutionally sufficient relationship between the defendant
and the forum; there must also be a basis for amenability to
service. <u>Omni Capital</u>, 484 U.S. at 104. In other words, service
must be grounded on a federal statute or civil rule. <u>United
Electrical Workers I</u>, 960 F.2d at 1085.

4

The service of process provisions of Rule 4 impose a statutory limitation on personal jurisdiction. See Lorelei, 940 F.2d at 719; Catrone v. Ogden Suffolk Downs, Inc., 647 F. Supp. 850, 854 (D. Mass. 1986). Subdivision (k) of Rule 4 provides:

> (1) Service of summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant
>
> (A) who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located, or
>
> . . .
>
> (D) when authorized by a statute of the United States.

Fed. R. Civ. P. 4. Thus, a federal district court may exercise personal jurisdiction where a relevant federal statute provides for nationwide or worldwide service of process, or, in the absence of such a provision, in accordance with the long-arm statute of the state in which the district is located.

No federal statute authorizes nationwide service of process in civil actions brought by private persons alleging odometer fraud. Compare 49 U.S.C.A. § 32709(c) (West Supp. 1995) (permitting nationwide service of process in civil actions brought for odometer fraud by United States Attorney General) with id. § 32710(b) (West Supp. 1995) (creating private right of action for odometer fraud but not including language regarding service of process). Thus, subdivision (k)(1)(A) requires the

5

court to turn to the law of the state of New Hampshire. <u>See</u> <u>Catrone</u>, 647 F. Supp. at 856. Because exercise of personal jursdiction under state law is subject to constitutional limitations, subdivision (k)(1)(A) also indirectly prescribes the familiar two-part inquiry to determine whether the court may exercise personal jurisdiction. <u>United Electrical Workers I</u>, 960 F.2d at 1086; <u>see</u> <u>Lorelei</u>, 940 F.2d at 720; <u>Kowalski v. Doherty,</u> <u>Wallace, Pillsbury & Murphy, Attorneys at Law</u>, 787 F.2d 7, 9 (1st Cir. 1986); <u>Delta Educ., Inc. v. Langlois</u>, 719 F. Supp. 42, 47 (D.N.H. 1989).

Accordingly, the court initially determines whether the applicable long-arm statute is satisfied. <u>Kowalski</u>, 787 F.2d at 10. If the statute authorizes jurisdiction over the defendant, the court then considers whether the exercise of jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment of the United States Constitution. <u>Boit v. Gar-Tec</u> <u>Prods., Inc.</u>, 967 F.2d 671, 674-75 (1st Cir. 1992); <u>Omni Hotels</u> <u>Mgmt. Corp. v. Round Hill Devs. Ltd.</u>, 675 F. Supp. 745, 748 (D.N.H. 1987).

Because the defendant in the instant action is an out-of-state corporation, the applicable long-arm statute is N.H. Rev. Stat. Ann. ("RSA") § 293-A:15.10, not RSA § 510.4, as the defendant contends. <u>McClary v. Erie Engine & Mfg. Co.</u>, 856 F.

6

Supp. 52, 53-55 (D.N.H. 1994). RSA § 293-A:15.10 allows service upon any foreign corporation by registered or certified mail, regardless of whether that corporation is authorized to do business in New Hampshire, as long as such service is consistent with federal law. Consequently, the court is only required to determine whether the exercise of jurisdiction falls within federal constitutional limits. See id. at 55.

The relevant constitutional inquiry is whether the exercise of personal jurisdiction over a defendant comports with due process. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Under International Shoe,

> due process requires only that in order to subject a
> defendant to a judgment in personam, if he be not
> present within the territory of the forum, he have
> certain minimum contacts with it such that the
> maintenance of the suit does not offend "traditional
> notions of fair play and substantial justice."

Id. (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). Jurisdiction is proper only when "`the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295 (1980)).

There are two distinct types of personal jurisdiction: general and specific. United Electrical Workers I, 960 F.2d at 1089. The court may exercise general jurisdiction "when the

7

litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." Id. at 1088. Specific jurisdiction may be appropriate when the cause of action arises directly out of, or relates to, the defendant's contacts with the forum state. Ticketmaster -- New York, Inc. v. Alioto, 26 F.3d 201, 206 (1st Cir. 1994); United Electrical Workers I, 960 F.2d at 1088-89. In the instant case, the plaintiff relies on specific jurisdiction. Plaintiff's Memorandum in Opposition to Motion to Dismiss for Lack of Personal Jurisdiction at 7.

The First Circuit employs a tripartite test for determining whether specific jurisdiction exists. United Electrical Workers I, 960 F.2d at 1089; see also Ticketmaster, 26 F.3d at 1089. First, to establish minimum contacts, the plaintiff must demonstrate that the claim underlying the litigation directly arises out of, or relates to, the defendant's forum-state activity. Id. at 206. Second, the plaintiff must show that "the defendant's in-state contacts . . . represent a purposeful availment of the privilege of conducting activities within the forum state, thereby invoking the benefits and protection of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable." United Electrical

8

Workers I, 960 F.2d at 1089.  Third, even if the plaintiff

succeeds in establishing relatedness and purposeful availment,

the defendant may still avoid the exercise of jurisdiction if, in

light of the gestalt factors[3] and the strength or weakness of the

relatedness and purposeful availment demonstrations, allowing the

action to proceed would be "inconsistent with fair play and

substantial justice."  Ticketmaster, 26 F.2d at 209-10; see also

United Electrical Workers I, 960 F.2d at 1089.  Because the

exercise of specific jurisdiction requires satisfaction of each

---

[3]The gestalt factors are the five criteria identified by the
United States Supreme Court as relevant in determining whether
asserting personal jurisdiction over a defendant is fundamentally
fair.  163 Pleasant Street, 960 F.2d at 1088.  These factors are:

> (1) the defendant's burden of appearing, (2) the forum
> state's interest in adjudicating the dispute, (3) the
> plaintiff's interest in obtaining convenient and
> effective relief, (4) the judicial system's interest in
> obtaining the most effective resolution of the
> controversy, and (5) the common interests of all
> sovereigns in promoting substantive social policies.

Id. (citing Burger King, 471 U.S. at 477).

of the prongs of the First Circuit's tripartite test,[4] the court will address each part seriatim.

Given the undisputed factual record on the jurisdiction issue, the court applies the prima facie standard. Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 145 (1st Cir. 1995); United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp., 987 F.2d 39, 43 (1st Cir. 1993). The plaintiff has the burden of demonstrating facts sufficient to raise a reasonable inference that the court has personal jurisdiction over the defendant. E.g., Boit, 967 F.2d at 675. The plaintiff may establish jurisdiction through specific facts alleged in the pleadings, affidavits, and exhibits. Id. Allegations contained in the complaint are construed in the plaintiff's favor. Crosfield Hastech, Inc. v. Harris Corp., 672 F. Supp. 580, 584 (D.N.H. 1987).

To satisfy the relatedness requirement, the defendant's in-state conduct must form an important or material element of proof

---

[4]The First Circuit has made clear that a weak demonstration of relatedness or purposeful activity will be relevant in the third prong of the inquiry, i.e., whether exercising jurisdiction over the defendant comports with traditional notions of fair play and substantial justice. Ticketmaster, 26 F.3d at 210. However, a complete failure to demonstrate relatedness or purposeful availment does not merely "carry over" into the third part of the inquiry. Rather, such a failure is dispositive of the jurisdictional issue. See id. at 207 (permitting the court to "dismiss a . . . case for lack of relatedness per se").

in the plaintiff's case. <u>United Electrical Workers I</u>, 960 F.2d at 1089. The First Circuit has analogized this requirement to the causation requirement in tort law, and has suggested that it requires a showing of both but-for and proximate causation, <u>i.e.</u>, "that the injury would not have occurred 'but for' the defendant's forum-state activity" and that "the defendant's in-state conduct gave birth to the cause of action." <u>Id.</u>; <u>see</u> <u>Pritzker v. Yari</u>, 42 F.3d 53, 61 (1st Cir. 1994) (relatedness element satisfied where contract at issue arose from the defendant's in-forum activity, and that the dispute would not have occurred but for such activity), <u>cert. denied</u>, 115 S. Ct. 1959 (1995).

However, before addressing the causation issue, the court must define the relevant forum-related conduct. An individual's contract with an out-of-state party, absent more, does not constitute a contact with the other party's home forum. <u>Burger King</u>, 472 U.S. at 478; <u>cf.</u> <u>Estate of Mullen v. Glick</u>, No. C-94-377-L, 1994 WL 605718 (D.N.H. Nov. 3, 1994) (in malpractice action, doctor's treatment of New Hampshire resident in Massachusetts not a contact with New Hampshire for purposes of satisfying relatedness requirement). Rather, the court must examine "all of the communications and transactions between the parties, before, during and after the consummation of the

11

contract, to determine the degree and type of contacts the defendant has with the forum, apart from the contract alone." Interadd v. Foreign Motors, Inc., No. Civ. 94-560-SD, 1995 WL 40058 (D.N.H. Feb. 2, 1995), at *6 (quoting Ganis Corp. v. Jackson, 822 F.2d 194, 197-98 (1st Cir. 1991)). The inquiry must focus on the prior negotiations, contemplated future consequences, the terms of the contract, and the parties' actual course of dealing. Id. (quoting Burger King, 471 U.S. at 479).

Applying these factors, the court finds that the defendant's contractual relationship with the plaintiff does not constitute a contact with New Hampshire. All negotiations between the parties occurred in Virginia and, with the exception of the documents the defendant mailed to New Hampshire after the plaintiff took possession of the vehicle, all communication between the parties took place in Virginia. Cf. Nowak v. Tak How Inv. Ltd., __ F. Supp. __, Civ. A. No. 94-11691-WGY, 1995 WL 521874 (D. Mass. Aug. 29, 1995), at *6 (foreign hotel's solicitation of Massachusetts business and "extensive back-and-forth" communication between Massachusetts and foreign country constituted transaction of business within Massachusetts); Interadd, 1995 WL 40058, at *6-*8 (extensive interstate correspondence during negotiations rendered out-of-state party's contract with New Hampshire corporation a contact with New Hampshire). Even assuming that the plaintiff's

12

injuries occurred in New Hampshire, it cannot be said that by entering into and performing the contract, Jerry's conducted any activity in New Hampshire.

The plaintiff also points to the act of mailing "necessary" documents to New Hampshire as a New Hampshire contact that serves as a basis for jurisdiction. Plaintiff's Memorandum in Opposition to Motion to Dismiss for Lack of Personal Jurisdiction at 7. The argument is unavailing. The court has found that the contract itself was not a contact with New Hampshire. While the documents do contain information relevant to the plaintiff's claim, such as the inaccurate odometer reading and the price the plaintiff paid for the vehicle, the mere act of mailing them, stripped of any contractual significance, is neither a but-for nor a proximate cause of the plaintiff's allegation of odometer fraud.[5]

-----

[5]The lack of a causal link between the act of mailing the documents and the plaintiff's cause of action distinguishes this case from Sonnabend v. Sorrentino, 866 F. Supp. 651 (D. Mass. 1994), which involved an action to recover the cost of a forged painting sent from California to Massachusetts. The third-party defendants, who had shipped the painting, the very subject matter of the lawsuit, at the request of the third-party plaintiff, unsuccessfully argued that they were not subject to personal jurisdiction in Massachusetts. Without addressing relatedness, the court concluded that the exercise of jurisdiction over the defendants was consistent with the applicable state and federal standards. Id. at 653-54.

13

Having found that the defendant's contacts with New Hampshire are not sufficiently related to the plaintiff's cause of action, the court does not reach the purposeful availment or relatedness inquiries. The court cannot constitutionally exercise personal jurisdiction over the defendant and, as such, the case must be dismissed.

## Conclusion

The defendant's motion to dismiss the case for lack of personal jurisdiction (document no. 6) is granted. The clerk is ordered to close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

October 6, 1995

cc:  Howard B. Myers, Esquire
     Peter Paul Mitrano, pro se

14